THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLUCORA, INC., a corporation,<br><br>           Plaintiff,<br><br>   v.<br><br>MARK RICE, an individual, d/b/a<br>ZOOMANIA GAMES,<br><br>           Defendant. | No. 13-1857<br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGMENT OF NON-INFRINGEMENT**<br>**OF TRADEMARK RIGHTS AND**<br>**OTHER RELIEF** |

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. This action arises under the trademark and anticybersquatting laws of the United States, including 15 U.S.C. §§ 1114 and 1125(a), (c), and (d).

## PARTIES

2.      Plaintiff Blucora, Inc. ("Blucora") is a Delaware corporation with its principal place of business located at 10900 NE 8th Street, Suite 800, Bellevue, WA 98004.

3.      On information and belief, Defendant Mark Rice, d/b/a ZooMania Games, is an individual residing and having his principal place of business at 114 Rockingham Way, Unit 5786, Ellijay, GA, 30540.

Complaint for Declaratory Judgment (No. 13-1857)
– 1

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
§§ 1331, 1332, 1338, 1367, and 2201.  Blucora seeks a declaratory judgment under the
Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that its use and operation of its Zoo
website, its registration and use of the zoo.com domain name, and its use and federal registration
of the ZOO mark do not infringe or dilute any trademark rights that Defendant might own,
constitute cybersquatting under the Anticybersquatting Consumer Protection Act, or constitute
false designation of origin, unfair competition, or an unfair or deceptive trade practice under state
or federal law, including the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), (c), and (d), or
otherwise violate any rights Defendant might own.  The amount in controversy exceeds $75,000.

5.     This Court has personal jurisdiction over Defendant because Defendant has
purposefully availed himself of the benefits and protections offered by the state of Washington
by conducting business in Washington, including marketing, holding out for sale, and selling
goods within Washington; Blucora's claims arise out of (1) Defendant's use and asserted
exclusive right to use certain marks in so conducting business in the state of Washington and (2)
Defendant's efforts to have forfeited, cancelled, or transferred to him a domain name registered
to, managed by, and used by Blucora to do business in the state of Washington; the existence of
this dispute over trademark and related rights is impacting Blucora and its business in the state of
Washington; and exercise of jurisdiction over Defendant comports with traditional notions of fair
play and substantial justice.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b), as this District is the
district in which a substantial part of the events giving rise to the claims occurred and in which a
substantial part of the property that is the subject of the action is situated.  Defendant has asserted
that Blucora, a corporation based in this District, has infringed Defendant's marks, which he uses
in marketing, holding out for sale, and selling goods within, and otherwise doing business in, this

Complaint for Declaratory Judgment (No. 13-1857)
– 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL28078035.7

District; seeks to prevent Blucora, a corporation based in this District, from using and operating its Zoo website, registering and using the zoo.com domain name, and/or using or maintaining its federal registration of the ZOO mark; and seeks to have forfeited, cancelled, or transferred to him the zoo.com domain name, the rights to which are held in this District by Blucora, a corporation based in this District.

## PERTINENT FACTS

**Blucora's Zoo Website, zoo.com Domain Name, and ZOO Mark**

7.      Since the late 1990s, Blucora has owned and operated the Zoo website at the domain name zoo.com, from which it offers search engine and other related computer services.

8.      Blucora is the registrant for, and controls the registration and use of, the domain name zoo.com, which it uses in connection with the Zoo website.

9.      In connection with the Zoo website and zoo.com domain name, Blucora does not and has never offered any services specifically relating to animals or zoological gardens or the keeping or display of animals.  In connection with the Zoo website and zoo.com domain name, Blucora does not offer and has never offered any computer services relating to the business of creating, selling, marketing, and distributing games, including zoological garden-themed games for children and adults.

10.      In connection with the Zoo website and zoo.com domain name, Blucora owns USPTO Registration Number 3,373,136 for the ZOO mark for use in connection with "computer services, namely, providing search engines for obtaining data on a global computer network, creating indexes of information, sites, and other resources available on computer networks for others; searching and retrieving information, sites, and other resources available on computer networks by way of search engines, all of the above not including any services specifically relating to animals or zoos or the keeping or display of animals," issued to Blucora on January

Complaint for Declaratory Judgment (No. 13-1857)
– 3

22, 2008.  A true and correct copy of this USPTO registration is attached hereto as Exhibit A and fully incorporated herein.

**Defendant's Zoological Garden-Themed Games, Business, and Marks**

11.     Defendant does business as ZooMania Games.  According to Defendant's ZooMania Games website, posted to the domain names zoomania.com and zoomaniagames.com, ZooMania Games is in the business of creating and selling illustrated, zoological garden-themed "children's games incorporat[ing] learning development opportunities including social skills, numbers, counting, animal recognition, colors and letters."  ZooMania Games' children's game and/or toy offerings include Zoo Party, Zoo Playing Cards, Top Banana, Dawgs, Space Dogs, Under the Sea, The Great Bug Hunt, DOS Twice the Fun, The Game Of ZOO, Zoofari, Funky Monkeys, and The Great Bug Hunt.  ZooMania Games also sells adult party games, including Elephonkey and iPresident.

12.     Defendant purports to own various trademark rights, including federal registrations, for the marks ZOO (for use in connection with "card games"), ZOO MANIA (for use in connection with "equipment sold as a unit for playing card games"), ZOOFARI (for use in connection with "parlor games"), ZOO PALS (for use in connection with "parlor games"), ZOO PARTY (for use in connection with "parlor games"), ZOO MANIACS (for use in connection with "parlor games"), and ZOO GAMES (for use in connection with "parlor games") (collectively, "Defendant's Marks").

13.     Blucora's services offered in connection with its ZOO mark do not compete with Defendant's goods and services offered in connection with Defendant's Marks.

14.     Since Blucora began operating the Zoo website at the zoo.com domain name and offering its services under the ZOO mark, it has never been made aware of a single incidence of confusion on the part of the public between Blucora, its services, and its marks and Defendant, his goods and services, and Defendant's marks.

Complaint for Declaratory Judgment (No. 13-1857) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL28078035.7

**Defendant's Allegations of Infringement and Cybersquatting**

15.     On July 25, 2012, Defendant sent an infringement and cybersquatting notice to Blucora asserting that Blucora's use of the ZOO mark, its registration and use of the zoo.com domain name, and its operation of the Zoo website at that domain name infringed Defendant's rights under Defendant's Marks and constituted cybersquatting.  The notice states:

> I understand that you have registered and use a ZOO domain name. Absent an agreement with me, the use, marketing, and promotion of a ZOO trade name would constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) et. seq. as well as various common law causes of action.
> . . . . .
>
> Although you use a domain name, it is nonetheless identical to my product's name for purposes of the likelihood of confusion analysis . . . .
>
> It is apparent that your use of the domain name ZOO is nothing more than a typical cyber squatting situation that is fully addressed by the [Anticybersquatting Consumer Protection Act] . . . .

A true and correct copy of the infringement and cybersquatting notice Defendant sent Blucora is attached hereto as Exhibit B and fully incorporated herein.

16.     On December 27, 2012, Defendant filed a Petition to Cancel Blucora's USPTO registration for the ZOO mark with the Trademark Trial and Appeal Board ("TTAB").   A true and correct copy of the Petition to Cancel is attached hereto as Exhibit C and fully incorporated herein.

17.     On March 13, 2013, Blucora and Defendant participated in a discovery conference.  At that conference, Defendant (1) expressed his belief that Blucora's use of the ZOO mark, its registration and use of the zoo.com domain name, and its operation of the Zoo website at that domain name infringed Defendant's rights under Defendant's Marks, (2) represented that the only acceptable outcome of the dispute he initiated in the TTAB was for Blucora to abandon its registration for the ZOO mark and to transfer registration of the zoo.com

Complaint for Declaratory Judgment (No. 13-1857) – 5

domain name to Defendant; and (3) indicated that, if the TTAB were to grant his Petition to

Cancel, he would file a lawsuit against Blucora in federal district court alleging cybersquatting

and seeking an order requiring Blucora to transfer registration of the zoo.com domain name to

Defendant.  Defendant made similar threats, implicitly and explicitly, in other communications

with Blucora in connection with this dispute.

   18. On April 29, 2013, Blucora moved for partial summary judgment on Defendant's

claims in the TTAB.  In opposition, Defendant filed a declaration in which he declared, *inter*

*alia*:

> In 2011, I had become aware of a domain web site which was
> accessed via the address www.zoo.com. . . . On said site, . . .
> [t]here was no information nor trademark notations, no R or TM
> found anywhere on the site.  I had determined that said domain
> was a site that would cause likelihood of confusion with my ZOO
> theme and the multitude of [my] products that were promoted and
> advertised with the ZOO theme.

A true and correct copy of this declaration is attached hereto as Exhibit D and fully incorporated

herein.

   19. On September 30, 2013, Blucora, in an attempt to resolve the TTAB dispute with

Defendant, sent to Defendant for his signature a signed voluntary surrender of its federal

registration for the ZOO mark with consent.

   20. Defendant did not consent but instead responded in part as follows:

> I will review and get back to you this week.  Should we discuss
> options relating to how best to resolve the domain issue?  If your
> client takes a position that there exists no claims, then I can
> proceed with taking this to the next level.

   21. When asked by Blucora to clarify the meaning of "taking this to the next level,"

Defendant responded in part as follows:

> The Petition to the USPTO was what I would consider the first step
> in evaluating those options. . . . If Blucora is assuming that our
> dispute ends with the Petition, I cannot assure you of that
> assumption being correct. . . .  I do not think this matter is over.

A true and correct copy of this exchange is attached hereto as Exhibit E and fully incorporated herein.

22.     Blucora refuses to cease operating the Zoo website, refuses to transfer registration of the zoo.com domain name to Defendant, and now refuses to abandon its federal registration for the ZOO mark.

23.     There is an actual controversy between Blucora and Defendant, and Blucora has a reasonable apprehension that Defendant will sue Blucora for trademark infringement, trademark dilution, cybersquatting, and/or related claims under state and federal laws.

### REQUEST FOR DECLARATORY JUDGMENT

24.     Blucora incorporates and re-alleges the matters set forth above.

25.     There is a justiciable dispute between the parties as to whether Blucora's use and operation of its Zoo website, registration and use of the zoo.com domain name, and federal registration and use of the ZOO mark infringe or dilute any trademark rights that Defendant might own, constitute cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), constitute false designation of origin, unfair competition, or an unfair or deceptive trade practice under state or federal law, including the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (c), or otherwise violate any rights Defendant might own.

26.     Defendant's Marks, including the ZOO mark, are not inherently distinctive, have not acquired a high degree of distinctiveness, and are not famous.  The term "zoo" is a common, inherently descriptive English language term used by numerous third parties for a variety of branding and fair use purposes.

27.     Blucora used and uses the Zoo website, the zoo.com domain name, and the ZOO mark in connection with and to further legitimate business purposes.

28.     Blucora's use and operation of its Zoo website, registration and use of the zoo.com domain name, and federal registration and use of the ZOO mark do not and will not:

Complaint for Declaratory Judgment (No. 13-1857) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a.   Infringe any of Defendant's trademark rights under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law;

b.   Cause dilution of Defendant's Marks under 15 U.S.C. § 1125(c) or any other state or federal law;

c.   Constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law;

d.   Constitute cybersquatting under 15 U.S.C. § 1125(d) or any other state or federal law;

e.   Constitute unfair competition under 15 U.S.C. § 1125(a) or any other state or federal law;

f.   Constitute an unfair or deceptive trade practice under 15 U.S.C. § 1125(a) or any other state or federal law; or

g.   Otherwise violate any rights Defendant might own.

29.   Blucora is entitled to a declaratory judgment that Defendant's Marks are not famous and that Blucora's use and operation of its Zoo website, registration and use of the zoo.com domain name, and federal registration and use of the ZOO mark do not and will not:

a.   Infringe any of Defendant's trademark rights under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law;

b.   Cause dilution of Defendant's Marks under 15 U.S.C. § 1125(c) or any other state or federal law;

c.   Constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law;

d.   Constitute cybersquatting under 15 U.S.C. § 1125(d) or any other state or federal law;

e.   Constitute unfair competition under 15 U.S.C. § 1125(a) or any other state or federal law;

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

f.      Constitute an unfair or deceptive trade practice under 15 U.S.C. § 1125(a) or any other state or federal law; or

g.      Otherwise violate any rights Defendant might own.

## PRAYER FOR RELIEF

WHEREFORE, Blucora prays for the following relief:

A.      A declaratory judgment that Blucora's use and operation of its Zoo website, registration and use of the zoo.com domain name, and federal registration and use of the ZOO mark do not and will not:

1.      Infringe any of Defendant's trademark rights under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law;

2.      Cause dilution of Defendant's Marks under 15 U.S.C. § 1125(c) or any other state or federal law;

3.      Constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law;

4.      Constitute cybersquatting under 15 U.S.C. § 1125(d) or any other state or federal law;

5.      Constitute unfair competition under 15 U.S.C. § 1125(a) or any other state or federal law;

6.      Constitute an unfair or deceptive trade practice under 15 U.S.C. § 1125(a) or any other state or federal law; or

7.      Otherwise violate any rights Defendant might own.

B.      A preliminary and permanent injunction prohibiting Defendant, his affiliates, agents, servants, employees, and attorneys, and any and all other persons in active concert or participation with them, from improperly interfering with Blucora's business, including from asserting that Blucora's use and operation of its Zoo website, its registration and use of the

Complaint for Declaratory Judgment (No. 13-1857)
– 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL28078035.7

zoo.com domain name, and its use and federal registration of the ZOO mark infringe or dilute

any trademark rights that Defendant might own, constitute cybersquatting under the

Anticybersquatting Consumer Protection Act, constitute false designation of origin, unfair

competition, or an unfair or deceptive trade practice under state or federal law, including the

Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), (c), and (d), or otherwise violate any rights

Defendant might own.

      C.      An award of attorneys' fees and costs to Blucora to the extent permitted by law;

      D.      An immediate order staying Defendant's Petition to Cancel action in the TTAB;

      E.      Such further and other relief as the Court deems just and proper.


DATED:  October 15, 2013

By:  s/ William C. Rava
By:  s/ James L. Vana
By:  s/ Catherine S. Simonsen
William C. Rava #29948
James L. Vana #34924
Catherine S. Simonsen #45552
Attorneys for Defendant Blucora, Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  WRava@perkinscoie.com
         JVana@perkinscoie.com
         CSimonsen@perkinscoie.com

Complaint for Declaratory Judgment (No. 13-1857)
– 10

LEGAL28078035.7